IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN ADOLFO BONILLA LOPEZ,          )
                                             )
        Petitioner,                )
                                             )
       v.                     )          1:26-cv-01734 (AJT-WBP)
                                             )
TODD M. LYONS, *et al.*,           )
                                           )
        Respondents.           )

## **ORDER**

Before the Court is Juan Adolfo Bonilla Lopez's ("Petitioner") Petition for Writ of Habeas Corpus. [Doc. No. 1]; ("Petition"). By order dated June 22, 2026, the Court ordered the Government to respond to the Petition within three days, [Doc. No. 2], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or other opinions of this Court cited therein. [Doc. No. 6].

Petitioner is a citizen of Honduras, who is alleged to have last entered the United States in or around 2011, without inspection by an immigration officer. [Petition] ¶¶ 37-38. Prior to his latest re-entry, Petitioner had been ordered removed to Honduras in absentia, and on December 28, 2012, Respondents served Petitioner with a reinstatement of his removal order before releasing him on an Order of Supervision ("OSUP"). [Doc. No. 6-1] ¶¶ 7, 13-14. Petitioner in 2013 filed a motion to reopen his in absentia removal proceedings, which was granted. *Id*. ¶¶ 15-16. The following year, he filed a Form I-589 application for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture, which was denied and he was ordered removed to Honduras once again. *Id*. ¶¶ 17-20. Petitioner appealed that result,

which appeal remains pending before the Bureau of Immigration Affairs. *Id.* ¶ 21. On or around May 6, 2026, local authorities notified Respondents that Petitioner had been arrested and charged with driving while intoxicated, and Respondents later decided to revoke his OSUP based on these pending charges. *Id*. ¶¶ 22-23. He was placed into immigration detention at the Farmville Detention Center on June 11, 2026, and has since remained in detention at that facility without an opportunity to seek release on bond. *Id*. ¶¶ 24-25; [Petition] ¶ 46.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court, under seal, within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert

2

with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record, and to terminate the case.

Alexandria, Virginia
July 2, 2026

/s/
Anthony J. Trenga
Senior United States District Judge

3